UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INDUS CAPITAL PARTNERS, LLC,<br><br>         Plaintiff,<br><br>- against -<br><br>INDUSINO RESEARCH & MANAGEMENT, LLC,<br><br>         Defendant. | **COMPLAINT**<br><br>07 Civ. 10509 (LAP) |

    Plaintiff Indus Capital Partners, LLC ("Indus"), by its attorneys, for its Complaint against Defendant Indusino Research & Management, LLC ("Indusino"), states as follows:

    1.  This is an action seeking injunctive relief and damages based on Indusino's acts of unfair competition, trademark and trade name infringement, dilution, deceptive trade practices and injury to business reputation in violation of the Trademark Act of 1946, 15 U.S.C. § 1051, et seq., as amended (the "Lanham Act"), and for related violations of the New York General Business Law and unfair competition under New York common law.

**Jurisdiction and Venue**

    2.  This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367, as it involves substantial claims arising under the Trademark Laws of the United States together with related claims for trademark infringement and unfair competition under New York law.  Personal jurisdiction is proper as Indusino solicits and conducts business within the State of New York, including but not limited to marketing to New York investors, having brokerage relationships with New York broker-dealers and investing in securities traded on the New York Stock Exchange.

    3.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

## The Parties

4. Indus is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 152 West 57th Street, 28th Floor, New York, New York 10019.

5. Upon information and belief, Indusino is a limited liability company formed under the laws of the State of Delaware having its principal place of business at 400 Hamilton Avenue, Suite 330, Palo Alto, CA 94301.

## Background

6. Indus is registered as an investment adviser with the U.S. Securities and Exchange Commission and is a global investment advisory firm managing more than $6 billion in a family of investment partnerships, investment companies, and accounts for institutional and individual investors worldwide, including the United States.

7. Indus' clients include some of the world's leading pension funds, endowments, foundations and other institutions as well as affluent families and high net worth individuals.

8. Indus pursues investment opportunities across geographic regions and asset classes, with a particular focus on investments in the Pacific Rim and Europe.

9. Indus is the exclusive owner of the marks INDUS and INDUS CAPITAL PARTNERS for investment management and advisory services (the "Indus Marks"), which have been used by Indus extensively in interstate commerce throughout the United States and worldwide in connection with such services since 2000.

10. Indus is the owner of United States Trademark Registration No. 3,082,581 for the mark INDUS and United States Trademark Registration No. 3,082,584 for the mark INDUS CAPITAL PARTNERS, both registered on April 18, 2006 for "financial services,

namely, investment management and advisory services". Copies of the registration certificates for these registrations are attached hereto as Exhibit A. Said registrations are presently valid and subsisting, uncancelled and unrevoked, and Indus is the owner thereof and entitled to all of the benefits of the Principal Register established by the Lanham Act, 15 U.S.C. § 1051 et seq.

      11.     The Indus Marks are inherently distinctive and/or have acquired secondary meaning by virtue of their extensive use and promotion by Indus.

      12.     For many years before Indusino commenced operations, Indus was known in the alternative investment arena and was servicing clients across the United States, including clients residing in New York and California.

      13.     Since at least as early as 2000, Indus has used the name and mark INDUS in connection with its investment management and advisory services and has expended significant time, money and effort in marketing and promoting the INDUS name and mark.

      14.     Indus uses the INDUS name and mark in connection with twenty-eight (28) entities, including twenty-one (21) funds which are sold under the mark INDUS. Due to Indus' continuous, exclusive and extensive use of the Indus Marks, the Indus Marks have acquired enormous value and recognition as famous marks in the United States and elsewhere throughout the world. The Indus Marks are well-known as identifying and distinguishing Indus. In August 2006, for example, UBS Asia Pacific announced Indus as one of the two recipients of its award for Best Stock Pick in its Stock Picking Competition.

**Events Giving Rise to the Dispute**

      15.     Upon information and belief, Defendant Indusino is an investment advisory firm managing investments through a family of investment partnerships, investment companies, and accounts for institutional and individual investors worldwide, including the United States.

16. Upon information and belief, on or about June 30, 2005, Indusino registered the domain name www.indusino.com.

17. Upon information and belief, Indusino began offering its services in interstate commerce under the mark INDUSINO in September 2005, many years after Indus' first use of INDUS.

18. Upon information and belief, Indus and Indusino offer products and services in the same financial markets and have the same potential customers in the New York and California alternative investment community due to Indusino's similar focus on investment opportunities in Asia.  A copy of Indusino marketing material is attached hereto as Exhibit B.

19. Indus has already experienced instances of actual confusion between its Indus Marks and Indusino's use of INDUSINO, including among highly sophisticated purchasers and professionals such as prime brokers, executing brokers and counterparties.

20. On or about July 3, 2007, Indus, through counsel, notified Indusino that Indusino's use of INDUSINO for investment advisory services constitutes, among other things, federal trademark infringement (the "July 3 Letter").  Indus demanded that Indusino and those in privity with it immediately cease and terminate the infringing activities herein complained of, and requested written assurance that such had been done by July 13, 2007.

21. On or about July 12, 2007, Indusino, through counsel, represented to Indus that it refused to comply with such demand and would not stop using INDUSINO.

22. On or about July 27, 2007, Indus reiterated the demands contained in its July 3 Letter.  Indusino replied on or about August 10, 2007, representing once again to Indus that it would not stop using INDUSINO.

23. Upon information and belief, Indusino continues to intentionally render and market its investment advisory services in interstate commerce under the name and mark INDUSINO, giving rise to the inference that Indusino's continued course of conduct is willful and wanton.

### First Claim for Relief
### Trademark Infringement Under
### § 32 (1)(A) of the Lanham Act

24. Indus realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 23 of the Complaint.

25. Indus has superior rights in the Indus Marks for its services, and use by Indusino of Indusino's trade name and service mark is junior to Indus' use of the Indus Marks.

26. The services offered by Indusino under the mark INDUSINO are offered for sale and sold in interstate commerce and through the same channels and to the same class of customers for the same uses and purposes as Indus' services under its registered trademarks INDUS and INDUS CAPITAL PARTNERS.

27. The unauthorized use by Indusino and those in privity with it of the mark INDUSINO has caused and is likely to continue to cause confusion and mistake and to deceive purchasers as to the source of origin of such services, particularly regarding the affiliation, connection or association of Indusino with Indus and the origin, sponsorship, and approval of Indusino's services or commercial activities by Indus.

28. All of the acts of Indusino herein complained of are calculated to and will invariably cause substantial damage to the reputation and goodwill of Indus because Indusino's continued use of INDUSINO will subject Indus to the hazards and perils attendant upon activities over which Indus has no control.

29. Indus has given Indusino actual notice in writing of Indus' rights in and to the registered trademarks described above. Indus has demanded that Indusino and those in privity with it immediately cease and terminate the infringing activities herein complained of, and Indus has requested written assurance that such has been done, but Indusino has refused to comply with such demand and has continued its infringing activities willfully and deliberately and will continue to do so to the detriment of Indus.

30. By reason of the foregoing, Indus is entitled to injunctive relief restraining further acts of trademark infringement and false representation, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages; treble damages; an accounting and disgorgement of profits against Indusino, and costs and attorneys' fees.

**Second Claim for Relief**
**False Designation of Origin and False**
**Advertising Under § 43(a) of the Lanham Act**

31. Indus realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 30 of the Complaint.

32. As a direct result of Indus' long and extensive experience, care and skill in marketing and rendering its investment advisory services under the Indus Marks, and its widely acclaimed reputation as an investment advisor, the Indus Marks have become distinctive in the alternative investment arena.

33. Indusino's wrongful use of the INDUSINO name has caused and is likely to continue to cause confusion as to the affiliation, connection, or association of Indusino with Indus, or as to the origin, sponsorship, or approval of Indusino's services or commercial activities by Indus.

34. All of the acts of Indusino herein complained of are calculated to and will invariably cause substantial and irreparable damage to the reputation and goodwill of Indus because Indusino's continued use of INDUSINO will subject Indus to the hazards and perils attendant upon the quality of Indusino's investment advisory services, over which Indus has no control.

35. By reason of the foregoing, Indus is entitled to injunctive relief, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages; an accounting and disgorgement of profits against Indusino, and costs and attorneys' fees.

**Third Claim for Relief**
**Likelihood of Injury to Business Reputation and**
**Dilution Under the New York General Business Law § 360-l**

36. Indus realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 35 of the Complaint.

37. As a direct result of Indus' long and extensive experience, care and skill in marketing and rendering its investment advisory services under the Indus Marks, and its widely acclaimed reputation as an investment advisor, the Indus Marks became distinctive in the alternative investment arena before Indusino commenced use of INDUSINO.

38. After the Indus Marks became distinctive, Indusino adopted in the same niche field a virtually identical service mark to the Indus Marks.

39. The acts of Indusino exploit the favorable impression and associations of the highly distinctive Indus Marks, have and will continue to cause substantial and irreparable damage to the business reputation of Indus and dilute the distinctive quality of, and goodwill symbolized by, the Indus Marks in their niche field, and subject Indus to the hazards and perils

7

attendant upon the quality of Indusino's investment advisory services, over which Indus lacks control, all in violation of the New York General Business Law § 360-l.

40.     By reason of the foregoing, Indus is entitled to injunctive relief and the maximum damages available under the New York General Business Law.

**Fourth Claim for Relief
Deceptive Trade Practices Under
the New York General Business Law § 349**

41.     Indus realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 40 of the Complaint.

42.     Indusino has been and is engaging in deceptive acts or practices against Indus and the relevant public in the conduct of its business by causing confusion as to the source, sponsorship, approval, affiliation, connection, or association with, or certification by Indus through the use of a confusingly similar mark with the intention and knowledge that it was trading on the goodwill established by Indus in the Indus Marks and/or by diluting the distinctiveness of the Indus Marks.

43.     The acts of Indusino exploit the favorable impression and associations of the highly distinctive Indus Marks, have and will continue to cause substantial and irreparable damage to the business reputation of Indus and dilute the distinctive quality of, and goodwill symbolized by, the Indus Marks in their niche field, and subject Indus to the hazards and perils attendant upon the quality of Indusino's investment advisory services, over which Indus lacks control, all in violation of the New York General Business Law § 349.

44.     By reason of the foregoing, Indus is entitled to injunctive relief and the maximum damages available under the New York General Business Law.

**Fifth Claim for Relief**
**Unfair Competition and Infringement**
**Under New the New York General Business Law § 360-k**

45. Indus realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 44 of the Complaint.

46. Indus has superior rights in the Indus Marks for its services, and use by Indusino of Indusino's trade name and service mark is junior to Indus' use of the Indus Marks.

47. The services offered by Indusino under the mark INDUSINO are offered for sale and sold through the same channels and to the same class of customers for the same uses and purposes as Indus' services under its registered trademarks INDUS and INDUS CAPITAL PARTNERS.

48. The unauthorized use by Indusino and those in privity with it of the mark INDUSINO has caused and is likely to continue to cause confusion and mistake and to deceive purchasers as to the source of origin of such services, particularly regarding the affiliation, connection or association of Indusino with Indus and the origin, sponsorship, and approval of Indusino's services or commercial activities by Indus.

49. All of the acts of Indusino herein complained of have and will continue to cause substantial and irreparable damage to the business reputation of Indus and dilute the distinctive quality of, and goodwill symbolized by, the Indus Marks in their niche field, and subject Indus to the hazards and perils attendant upon the quality of Indusino's investment advisory services, over which Indus lacks control, all in violation of the New York General Business Law § 360-k.

50. By reason of the foregoing, Indus is entitled to injunctive relief and the maximum damages available under the New York General Business Law.

**Sixth Claim for Relief**
**Use of Name With Intent to Deceive**
**Under the New York General Business Law § 133**

51. Indus realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 50 of the Complaint.

52. Indusino's use of the name INDUSINO is without the authorization of Indus.

53. Indusino's misappropriation of the Indus Marks was with the intention of deceiving and misleading the public and capitalizing on the reputation and goodwill established by Indus.

54. The acts of Indusino are likely to confuse, deceive or mislead the public into believing that they are buying the products or services of Indus or that Indusino is associated with, sponsored by or somehow related to or approved by Indus.

55. All of the acts of Indusino herein complained of have and will continue to cause substantial and irreparable damage to the business reputation of Indus and dilute the distinctive quality of, and goodwill symbolized by, the Indus Marks and subject Indus to the hazards and perils attendant upon the quality of Indusino's investment advisory services, over which Indus lacks control, all in violation of the New York General Business Law § 133.

56. By reason of the foregoing, Indus is entitled to injunctive relief and the maximum damages available under the New York General Business Law.

**Seventh Claim for Relief**
**Unfair Competition and Infringement**
**Under New York State Common Law**

57. Indus realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 56 of the Complaint.

58. Indus has superior rights in the Indus Marks for its services, and use by Indusino of Indusino's trade name and service mark is junior to Indus' use of the Indus Marks.

59. The services offered by Indusino under the mark INDUSINO are offered for sale and sold through the same channels and to the same class of customers for the same uses and purposes as Indus' services under its trademarks INDUS and INDUS CAPITAL PARTNERS.

60. The unauthorized use by Indusino and those in privity with it of the mark INDUSINO has caused and is likely to continue to cause confusion and mistake and to deceive purchasers as to the source of origin of such services, particularly regarding the affiliation, connection or association of Indusino with Indus and the origin, sponsorship, and approval of Indusino's services or commercial activities by Indus.

61. All of the acts of Indusino herein complained of have and will continue to cause substantial and irreparable damage to the business reputation of Indus and dilute the distinctive quality of, and goodwill symbolized by, the Indus Marks and subject Indus to the hazards and perils attendant upon the quality of Indusino's investment advisory services, over which Indus lacks control.

62. By reason of the foregoing, Indus is entitled to injunctive relief and damages.

**WHEREFORE**, Indus requests that this Court:

1. On the First through Seventh Claims For Relief, enter an Order that Indusino, its agents, servants, employees, and all persons acting under their authority and control or acting in active concert or participation with them, be immediately and permanently enjoined, perpetually, from directly or indirectly using a trade name, service mark, or other designation of origin containing the word INDUS in connection with the Indusino business, including in any domain names, advertisements, marketing materials, signs, notices or written matter serving to identify the Indusino business, products or services, and from using any name or word which may be calculated to cause Indus or its services to be identified as being in some way associated with Indusino.

2. On the First through Seventh Claims For Relief, enter an Order requiring Indusino to transfer the www.indusino.com domain name, and all other domain names which include INDUS or a confusingly similar term, registered by or under the control of Indusino, its officers, directors, servants, employees, agents, attorneys, successors, assigns and all others in privity or acting in concert therewith, to Indus.

3. On the First and Second Claims For Relief, enter an Order that Indusino, pursuant to 15 U.S.C. § 1116, be directed to file with this Court and serve upon Indus' counsel within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which they have complied with the injunction.

4. On the First and Second Claims for Relief, enter an Order awarding Indus the maximum damages and attorneys' fees allowed pursuant to the Lanham Act.

5. On the Third, Fourth, Fifth and Sixth Claims for Relief, award all available remedies to Indus pursuant to the New York General Business Law.

6. On the Seventh Claim for Relief, award Indus all available remedies under New York common law.

7. On all Claims for Relief, granting such other and further relief as this Court deems just and proper.

8. Indus demands a trial by jury on all claims where a jury trial is permitted.

New York, New York
November 21, 2007

        SEWARD & KISSEL LLP

        By:  /s/ Mark J. Hyland
          Mark J. Hyland (MH-5872)
          Beth H. Alter (BA-8331)
          Benay L. Josselson (BJ-1278)
          One Battery Park Plaza
          New York, New York 10004
          (212) 574-1200

          Attorneys for Plaintiff
          Indus Capital Partners, LLC