BINGHAM McCUTCHEN LLP
Edward F. Maluf
edward.maluf@bingham.com
Lavanya Kilaru
lavanya.kilaru@bingham.com
399 Park Avenue
New York, NY 10022-4689
(212) 705-7000

*Attorneys for Defendant/Counterclaimant*
*Indusino Research & Management, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **INDUS CAPITAL PARTNERS, LLC,**<br><br>        Plaintiff,<br><br>-against-<br><br>**INDUSINO RESEARCH & MANAGEMENT, LLC,**<br><br>        Defendant. | 07 Civ. 10509 (LAP)<br><br>**ANSWER AND COUNTERCLAIMS OF DEFENDANT INDUSINO RESEARCH & MANAGEMENT, LLC** |

Defendant Indusino Research & Management, LLC ("Indusino"), by its attorneys, Bingham McCutchen LLP, as and for its Answer and Counterclaims in response to the complaint (the "Complaint") filed by plaintiff Indus Capital Partners, LLC ("Indus"), alleges as follows:

1.      Paragraph 1 of the Complaint purports to summarize the claims described therein. In response, Defendant refers to the claims themselves for their contents and refers to Defendant's answer to those claims as stated herein.

2.      Defendant denies the allegations in paragraph 2 of the Complaint, except admits that Plaintiff purports to base subject matter jurisdiction on 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

A/72358638.1

3. Defendant denies the allegations in paragraph 3 of the Complaint, except admits that Plaintiff purports to base venue on 28 U.S.C. §§ 1391(b) and 1391(c).

4. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in paragraph 5 of the Complaint.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, except admits that Exhibit A appears to be copies of Trademark registration certificates.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the use of the INDUS name and mark in connection with 28 entities, including 21 funds allegedly sold under the mark INDUS.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint, and avers that Indusino is an investment advisory firm that manages two funds, Indusino Offshore Fund Ltd. and Indusino Partners, LLC.

16. Defendant admits the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies allegations contained in paragraph 17 of the Complaint, and avers that Indusino began offering its services under the mark INDUSINO in October 2005.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint, except admits that Exhibit B of the Complaint appears to be a copy of Indusino's marketing material and respectfully refers the Court to that material for the contents thereof.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. Defendant admits that counsel for Indus sent a letter to Indusino dated July 3, 2007 and respectfully refers the Court to that document for the contents thereof.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint, except admits that counsel for Indusino sent a letter to counsel for Indus and respectfully refers the Court to that document for the contents thereof.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint, except Defendant admits that counsel for Indus sent a letter to counsel for Indusino

dated July 12, 2007, that counsel for Indusino replied on August 10, 2007, respectfully refers the Court to those documents for the contents thereof, and avers that Indusino engaged in discussions with Indus to resolve the dispute without litigation, and further avers that Indusino suggested a form of resolution in early September 2007 to Indus, which went unanswered until the filing of this action by Indus in late November 2007.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

### As to the First Claim for Relief Alleging
### Trademark Infringement Under § 32 (1)(A) of the Lanham Act

24. Defendant repeats and realleges its responses to paragraphs 1 through 23 herein.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

### As to the Second Claim for Relief Alleging
### False Designation of Origin and False Advertising Under § 43(a) of the Lanham Act

31. Defendant repeats and realleges its responses to paragraphs 1 through 30 herein.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

### As to the Third Claim for Relief Alleging
### Likelihood of Injury to Business Reputation and
### Dilution Under the New York General Business Law § 360-1

36. Defendant repeats and realleges its responses to paragraphs 1 through 35 herein.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

## As to the Fourth Claim for Relief Alleging
## Deceptive Trade Practices Under the New York General Business Law § 349

41. Defendant repeats and realleges its responses to paragraphs 1 through 40 herein.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

## As to the Fifth Claim for Relief Alleging
## Unfair Competition and Infringement
## Under New York General Business Law § 360-k

45. Defendant repeats and realleges its responses to paragraphs 1 through 44 herein.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint.

### As to the Sixth Claim for Relief Alleging Use of Name With Intent to Deceive Under the New York General Business Law § 133

51. Defendant repeats and realleges its responses to paragraphs 1 through 50 herein.

52. Defendant admits the allegations contained in paragraph 52 of the Complaint, and avers that Defendant does not need authorization from Indus to use the name INDUSINO.

53. Defendant denies the allegations contained in paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in paragraph 56 of the Complaint.

### As to the Seventh Claim for Relief Alleging Unfair Competition and Infringement Under New York State Common Law

57. Defendant repeats and realleges its responses to paragraphs 1 through 56 herein.

58. Defendant denies the allegations contained in paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in paragraph 47 of the Complaint.

60. Defendant denies the allegations contained in paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in paragraph 62 of the Complaint.

## DEFENSES

Indusino reserves the right to allege other defenses as they may become known during the course of discovery, or otherwise, and specifically reserves the right to amend this Answer to allege such defenses as they become known.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

The relief sought by Plaintiff is barred by the doctrines of laches, waiver, acquiescence, and/or estoppel.

## THIRD DEFENSE

Upon information and belief, the INDUS and INDUS CAPITAL PARTNERS trademarks are invalid and/or unenforceable for being descriptive geographic indicators.

## FOURTH DEFENSE

Any alleged infringement was innocent and wholly without knowledge by Defendant of any rights claimed by Plaintiff.

## FIFTH DEFENSE

Plaintiff's claims are barred because Plaintiff cannot demonstrate any likelihood that the public will be confused or misled as to the source of Defendant's goods or services or that Defendant's goods or services are produced by, or endorsed by, Plaintiff.

## SIXTH DEFENSE

The Complaint fails to state facts sufficient to constitute a claim upon which relief may be granted.

## SEVENTH DEFENSE

Defendant's conduct has not proximately caused any losses or damages purportedly suffered by Plaintiff.

## COUNTERCLAIMS

Counterclaimant Indusino Research & Management, LLC ("Indusino"), for its counterclaims against counterclaim-defendant Indus Capital Partners, LLC ("Indus"), states and alleges as follows:

1. Counterclaimant Indusino is a limited liability company formed under the laws of the State of Delaware having its principal place of business at 400 Hamilton Avenue, Suite 330, Palo Alto, CA 94301.

2. Upon information and belief, counterclaim-defendant Indus is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 152 West 57th Street, 28th Floor, New York, New York 10019.

3. These counterclaims arise under the trademark laws of the United States, Title 15 of the United States Code, and 28 U. S. C. § 2201 (a).

4. Subject matter jurisdiction over the counterclaims is conferred on this Court pursuant to 15 U.S.C. § 1119, and venue is proper under 28 U.S.C. §§ 1391 and 1400.

5. Counterclaim-defendant Indus has sued counterclaimant Indusino alleging that Indusino has infringed certain trademarks bearing United States Trademark Registration Nos. 3,082,581 and 3,082,584 (the "trademarks-in-suit").

## FIRST COUNTERCLAIM
**(Declaration of Non-Infringement)**

6. An actual case or controversy exists between the parties because counterclaim-defendant Indus filed a complaint against counterclaimant Indusino alleging trademark infringement of the trademarks-in-suit.

7. The trademarks-in-suit are not infringed by counterclaimant Indusino.

8. Counterclaimant Indusino has been injured and damaged by counterclaim-defendant Indus's filing of a complaint asserting infringement of the trademarks-in-suit, which were not infringed by Indusino.

9. The trademarks-in-suit are subject to cancellation and/or nullification because of their intended association with a geographic area, namely India and the Indian subcontinent.

10. Counterclaimant therefore seeks a declaration that any trademarks now claimed by Indus in the trademarks-in-suit are canceled or otherwise null and void, and that its prior, present and prospective use of the INDUSINO name does not constitute infringement of the trademarks-in-suit.

## SECOND COUNTERCLAIM
### (Declaration of Invalidity and Unenforceability)

11. Counterclaimant incorporates and realleges paragraphs 1 through 10 of these counterclaims.

12. An actual case or controversy exists between the parties because counterclaim-defendant Indus filed a complaint against counterclaimant Indusino alleging trademark infringement of the trademarks-in-suit.

13. Indusino has been injured and damaged by Indus's filing of a complaint asserting infringement of the trademarks-in-suit, which are invalid and unenforceable.

14. The trademarks-in-suit are invalid and/or unenforceable because they are specifically calculated to associate Indus's business with a geographic area, namely India and the Indian subcontinent.

15. On July 12, 2007, counsel for Indusino sent a letter to counsel for Indus explaining why the marks INDUS and INDUS CAPITAL PARTNERS are descriptive geographic indicators.

16. Indus chose the names INDUS and INDUS CAPITAL PARTNERS to describe a geographic area in which it offers its services, India and the Indian subcontinent.

17. The term INDUS is derived from Indus River, located on the Indian subcontinent and it is also the name from which India derives its name as a country. Such geographically indicative terms are not inherently distinctive.

18. Declaratory relief is both appropriate and necessary to establish that the trademarks-in-suit are invalid and unenforceable.

**WHEREFORE**, Defendant prays for judgment as follows:

1. Judgment in Defendant's favor dismissing Counts I through VII of Plaintiff's Complaint.

2. On Counterclaim One, a declaration that any trademarks now claimed by the Plaintiff in the trademarks-in-suit are canceled or otherwise null and void, and that Defendant's prior, present and prospective use of the INDUSINO name does not constitute infringement of the trademarks-in-suit.

3. On Counterclaim One, ordering the Director of the United States Patent and Trademark Office to cancel Trademark Registration Nos. 3,082,581 and 3,082,584,

4. On Counterclaim Two, a declaration that any trademarks now claimed by the Plaintiff in the trademarks-in-suit are invalid and/or unenforceable,

5. An award of costs and reasonable attorneys' fees incurred in this action.

6. Granting Defendant such other and further relief as the Court deems just and proper.

Dated: New York, New York.
         January 11, 2008

                                        BINGHAM McCUTCHEN LLP


                                        By: /s/ Edward F. Maluf
                                            Edward F. Maluf
                                            edward.maluf@bingham.com
                                            Lavanya Kilaru
                                            lavanya.kilaru@bingham.com
                                        399 Park Avenue
                                        New York, NY  10022-4689
                                        (212) 705-7000

                                        *Attorneys for Defendant/Counterclaimant*
                                        *Indusino Research & Management, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of Indusino Research & Management, LLC's Answer and Counterclaims was delivered by Regular Mail, on this 11th day of January, 2008 to the following counsel of record:

Beth H. Alter
Seward & Kissel LLP
One Battery Park Plaza
New York, New York 10004

_____
Lavanya Kilaru

A/72382159.1